# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES of AMERICA ex rel. | ) | |
| JOHN HESTER | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 05 C 2148 |
| | ) | |
| ALAN UCHTMAN, Warden | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM ORDER AND OPINION

MARVIN E. ASPEN, District Judge:

Currently before us is Petitioner John Hester's petition for writ of habeas corpus.  Hester is currently incarcerated at Menard Correctional Center in Menard, Illinois, where he is in the custody of Respondent Warden Alan Uchtman.  For the following reasons we deny Hester's petition.

## Background

John Hester was convicted of two counts of first degree murder under 720 ILCS 5/9-1(a)(1) (murder with intent to kill or do great bodily harm) and 720 ILCS 5/9-1(a)(2) (murder knowing acts create a strong probability of death or great bodily harm) and sentenced to death following a bench trial in Cook County Circuit Court on September 24, 2002.  The Illinois governor later commuted his sentence to natural life in prison with no possibility of parole.

The Illinois Appellate Court granted Hester leave to file a late notice of appeal.  On appeal he claimed that the State failed to prove beyond a reasonable doubt that he intended to kill Oranchee Anderson or that he knew his actions created a strong probability of committing great bodily harm.[1]

---

[1] Hester also contended that the mittimus should be corrected to reflect only one murder conviction because there was only one death.  On September 10, 2004, the court ordered that the

On September 10, 2004, the court affirmed Hester's conviction.

Hester filed leave to appeal to the Illinois Supreme Court, claiming that he had not been proven guilty beyond a reasonable doubt. Hester's leave to appeal was denied on November 24, 2004. Hester did not petition the United States Supreme Court for a writ of certiorari, nor did he file a post-conviction petition in the state courts.

The Clerk of this Court filed Hester's habeas petition on May 3, 2005.[2] In this petition, Hester claims that he was not proven guilty beyond a reasonable doubt of first degree murder pursuant to 720 ILCS 5/9-1(a)(1) or (2) because the evidence was insufficient to show that he intended to kill the victim or knew that his actions created a strong probability of great bodily harm.

## Procedural Prerequisites

Before addressing the merits of this habeas petition, we must be certain that Hester has exhausted all of his state court remedies and has avoided procedurally defaulting his claims. *Moore v. Parke*, 148 F.3d 705, 708 (7th Cir. 1998).

The exhaustion doctrine does not allow a federal court to grant a petitioner habeas relief if any state remedies remain available to the petitioner. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). In order to satisfy this requirement, a petitioner convicted under Illinois law generally must present their claims to an intermediate appellate court and to the Illinois Supreme Court.

_____

mittimus be corrected to reflect one conviction for first degree murder.

[2]Under 28 U.S.C. § 2254 there is a one year statute of limitations period for a petitioner to file a habeas action. In Hester's case, the limitation period runs from the latest of "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d) (2005). The Illinois Supreme Court denied Hester leave to appeal on November 24, 2004 and then he had 90 days from that date to bring a petition for writ of certiorari in the United States Supreme Court. *Anderson v. Litscher,* 281 F.3d 672, 674-75 (7th Cir. 2002). Therefore, Hester's time to seek direct appeal expired on February 22, 2005. The Clerk of this Court filed Hester's petition on May 3, 2005, well within the one year statute of limitations

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). It is not necessary for a petitioner in Illinois to file a state post-conviction review petition to exhaust state remedies. *United States ex rel. Williams v. Brantley*, 502 F.2d 1383, 1385 (7th Cir. 1974). Procedural default occurs when a "claim is presented to state courts and the state court ruling against the petitioner rests on adequate and independent state-law procedural grounds" or the petitioner does not fairly present a federal constitutional issue to the state courts. *Perruquet*, 390 F.3d at 514. The petitioner must articulate both the operative facts and controlling legal principles supporting his claim to fairly present a federal constitutional issue. *Id* at 519.

Hester presented the same claim as he asserts in his habeas petition to the Illinois Appellate Court and the Illinois Supreme Court. Each state court had a full and fair opportunity to review his claim; therefore, his claim is not procedurally defaulted.

### Standard of review

Petitions for habeas corpus relief may be filed in a district court under 28 U.S.C. § 2254(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), on the grounds that a person in state custody was convicted in violation of the Constitution, laws, or treaties of the United States. Federal habeas relief is granted to a petitioner who can establish that the state court's adjudication of her claim was "contrary to or involved an unreasonable application of clearly established federal law." 28 U.S.C. § 2254(d)(1).

The Supreme Court has held that the "contrary to" and "unreasonable application" clauses should be given independent meaning. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court decision is "contrary to" established Supreme Court precedent if the state court "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or if the state court "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and

arrives at [an opposite result]." *Id.*

A state court decision is "an unreasonable application" of Supreme Court precedent if the state court "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case" or if the state court "either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id* at 407. The reasonableness inquiry "is quite deferential, such that a state decision may stand so long as it is objectively reasonable, even if the reviewing court determines it to be substantively incorrect." *Barrow v. Uchtman*, 398 F.3d 597, 602 (7th Cir. 2005).

In addition, relief may be granted where the state court's decision is "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2). On appeal, a state court's factual determinations are presumed correct, the burden rests upon the petitioner to rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Hester presented no additional evidence, therefore, we presume that the state court's factual findings are correct.

## Discussion

The Illinois Appellate Court's decision, the last state court to address Hester's claim on the merits, was not "contrary to" or an "unreasonable application" of Supreme Court precedent. The Supreme Court's decision in *Jackson v. Virginia* governs analysis of Hester's claim that his conviction for first degree murder was based upon insufficient evidence. 443 U.S. 307 (1979). The *Jackson* standard requires a court to ask whether, viewing the evidence in light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Id.* at 319. The appellate court reviewing Hester's case relied on *People v.*

*Collins*, 106 Ill.2d 237 (1985), an Illinois Supreme Court case, which uses the same standard, citing *Jackson* as the source of the rule. *Id.* at 261.

The appellate court reasonably applied the *Jackson* standard to the facts of Hester's case. In order to show that the prosecution presented sufficient evidence to prove the requisite mental state for first degree murder, the appellate court compared the facts of Hester's case to an Illinois Supreme Court case, *People v. Oaks*, 169 Ill.2d 409 (1996). In *Oaks*, the court ruled that the evidence was sufficient to convict the defendant of first degree murder for beating and shaking a three year old child. *Id.* at 459. The court considered the disparity in size between an adult man and a child, the nature of the child's injuries, and the force needed to cause the injuries and determined that it was an "absurdity for the defendant to argue that he did not know his actions would create a strong probability of death or great bodily harm." *Id.* at 460.

The appellate court used the same factors as the *Oaks* court and concluded that the defendant's mental state could be ascertained by a rational trier of fact based on his actions, which included beating Oranchee, an 80 to 85 pound disabled woman, with belts, extension cords, and his hands until she sustained 177 different injuries. *People v. Hester*, No. 1-03-1067, slip op. at 5 (Ill. App. 1st Dist. Sept. 11, 2004). These injuries included scars, bruises, signs of strangulation, cauliflower ear, cellulitis, and a calcified eye. *Id.* at 5-6. The appellate court found that the beatings would last four or five minutes and occurred regularly for approximately two years before Oranchee's death. *Id.* at 4. At nine or ten in the morning on the day Oranchee died, Hester noticed that she was having a hard time breathing, but he left the house until four or five that afternoon. *Id.* at 5. Hester instructed his wife and step-daughter to tell the police that Oranchee fell down the stairs. *Id.* The medical examiner, Dr. Cogan, concluded that Oranchee died from malnutrition due to neglect and that the multiple injuries were "significant contributing factors." *Id.* at 6.

Hester argued that while he intended to beat Oranchee, he did not intend to kill her, and that he attempted to treat her injuries using home remedies. *Id.* at 7. He also stated that he regularly fed Oranchee, claiming that he had a monetary incentive, Social Security disability payments, to keep her alive. *Id.* at 7-8. Although Dr. Cogan testified that the victim's injuries "were not intended to be lethal," a rational trier of fact could easily conclude that the evidence was sufficient to show that Hester knew beating and mistreating a small disabled woman for two years would create a strong possibility of death or great bodily harm. *Id.* at 10. Therefore, the appellate court's application of the *Jackson* standard was not unreasonable and Hester is not entitled to habeas relief.

## Conclusion

For the foregoing reasons, we deny Hester's petition for writ of habeas corpus. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Date: November 1, 2005